† WABASH RAILROAD CO. v. DANIEL C. NORWAY.

1. **LIABILITY OF RAILWAY COMPANY NOT OBLIGED TO WATCH TO KEEP TRESPASSING CHILDREN AWAY.**
   A railroad company is liable to trespassers upon its premises only for wanton or wilful acts of negligence; it need not be on the watch to keep them away. The rule applies to a child of tender years as to an adult.

2. **NOT LIABLE FOR INJURY TO CHILD WHO CLIMBED ON CAR WITHOUT ITS KNOWLEDGE.**
   Where a child of five years of age trespassed upon the premises of the railroad company, and while upon one of its cars without the knowledge of the agents or employes of the company, the car was attached to an engine, and moved, throwing him to the ground and injuring him, the company is not liable.

Error to the Court of Common Pleas of Defiance county.

MOORE, J.

This case was brought in the court of common pleas of this county to recover for personal injury, the petition alleging that the defendant below, the Wabash Railroad Co., was a corporation; that the plaintiff, Daniel C. Norway, was a minor of tender years, and at the time the injury was received by him was of the age of five years. The plaintiff also alleges the condition of the freight yard of the Wabash Railroad Co. in this city, the tracks upon which cars were run and kept, and describes also the residence of the plaintiff and his parents, which residence is adjacent to the railroad grounds. It is further alleged that at the time that the injury was received the plaintiff was upon one of the cars of the defendant company, and that while so being there, the agents and employes of the company had full knowledge of him being there, and with that knowledge, operated its trains and threw him off the car and caused the injury—the loss of an arm. That is, in substance, what is charged to make the cause of action; the negligence complained of being that the agents of the company, with full knowledge that the plaintiff was in a perilous situation, negligently permitted him to remain there, and while operating its train threw the boy off and caused the injury. This averment makes the petition good; that is, it alleges that the agents, servants and employes of the company operating the cars in that yard had knowledge that there was a child there of tender years and immature judgment and discretion, and permitted it to remain there upon a flat in a dangerous place where they were running their cars, without taking it off or rendering it aid to get off. And that by reason of such negligence the plaintiff was injured.

The answer is a denial of all negligence on the part of the defendant; and alleges that the plaintiff was a trespasser on its tracks, and that he and his parents were guilty of negligence in permitting him to be there, etc.

The negligence of the parent cannot be imputed to the child; but that the plaintiff was a trespasser is an element in the case to be considered.

Upon these issues so made a trial was had, which resulted in a verdict for the plaintiff. A motion for a new trial was overruled, and exceptions taken. A

† See also 4 Ohio Dec. R., 449.   Cited in Steele v. Railway Co., 4 Ohio Dec., 350, 354.

number of errors are assigned in the petition in error; the principal ones however are that the verdict is against the evidence, not supported by sufficient evidence, or any evidence, and that the court erred in its charge as given and excepted to, and in refusing to charge one or two propositions that were asked to be charged by the defendant.

Without rehashing the testimony—there is a good deal of it which goes to the extent of showing the condition of the yards, what they were used for, the number of tracks, evidence of those who had seen the boy there in the morning, as to other boys being there, which were perhaps proper things to be given in evidence, but which had little to do with proving the material things which gave the right to recover in this suit. To sustain the verdict the evidence must show that the defendant's employees or agents knew the boy was on the car, and had the means to remove and could have removed him from his perilous situation before the injury occurred.

Leaving coal cars, flat cars, or any cars upon the side tracks in the yard of the company is not negligence; they are not dangerous implements, and it is not dangerous for a child to play upon them, or to be upon them while standing in the yard.

The evidence of the boy is that he was a child five years old. He says he was upon a flat car. The evidence outside of the boy's is almost conclusive that it was a coal car, or car with sides extending up probably two or three feet. The boy says that he asked one of the employees of the company—and he points him out and names him—to take him off of that car. That is denied by every employee of the company that was in and about there at that time. And I say to recover in this case it must be shown that these employees, or one of them, had an opportunity, and could have done so, knowing that the boy was there, to aid and assist him. They deny that the boy was heard to make this appeal, or ask for this assistance. It is denied by the employees that they saw him. The circumstances attending the boy's being there, and the manner in which he was hurt, go to show that the employees did not know it. Some criticism is made as to the heartlessness of the employees of the railroad company. We know that employees of railroad companies, like everybody else, are ordinary men, with ordinary instincts and feelings, and it would be a heartless man indeed who, if the cars were to be removed, and a little boy asked to be taken from the car, would not assist him; he probably would be glad to do so if he saw him; probably would do so without being asked. We think the evidence is very strongly against, in fact the evidence does not support the finding of the jury at all, in proving the fact which is essential in this case, and that is that the employee or agent of the railroad company knew that the boy was upon the car, knew he was in a perilous situation, and unless that is done, and the employee had it in his power to remove the boy from the car before the time of the injury, the company cannot be held liable.

The law is so well settled that we will but briefly refer to it. In Morrissey v. Eastern Railroad Co., 126 Mass Rep., 380, the court take occasion to say this (the plaintiff was a child of four years):

"The plaintiff at the time of the accident was a mere intruder and trespasser upon the railroad track. No inducement or implied invitation to enter upon it had been held out. He was neither a passenger, nor on his way to become one, but was there merely for his own amusement, and was using the track as a play ground. The defendant corporation owed him no duty, except the negative one not maliciously or with gross and reckless carelessness to run over him."

In Patterson's Railway Accident Law this rule is laid down:

"The railway is liable to trespassers upon its premises only for wilful injury; that is, for its maintenance of a means of injury so essentially dangerous that its existence is regarded as evidence of an intention to do a wilful injury; or, where the injury is done by the negligence of a servant, for the failure of the servant to exercise ordinary care, when, by its exercise before the doing of the injury, and after he has discovered the injured person to be in peril,

he could have avoided the doing of the injury; or where the injury is done by the act of a servant in the exercise of express authority delegated to him by the railway to do the particular act."

And in the 4th American and English Railroad Cases, page 572, the court say:

"Nor does it make any difference that the person may happen to be a child of tender years; for the railroad company cannot reasonably be expected to provide against the contingency of trespasses by them any more than against the contingency of trespasses by adults."

It may be said that there are decisions against this doctrine, but these decisions that would appear to be against the law which I have just read, exist in a peculiar class of cases; in the Torpedo case, for instance, where the railroad company had provided its employees with dangerous material, a dangerous implement, which they had used carelessly, permitted it to remain along the side of the track, which was used, and permitted to be used, by the railroad company as a highway, a public passage way, where people were constantly going backwards and forwards, and permitted to do so by the railroad company, and where it was likely somebody would be injured, and upon that ground the case was sustained; and in the Turn-table case the jury had to find, and it was so charged they must find before a recovery could be had, that the implement was dangerous—and left without anybody to watch it, left without being locked, and that it was an inducement to children to interfere and play with it, and the material or implements of themselves and the handling of them was dangerous. For that reason it is said to be negligence upon the part of the company to permit a thing of that kind to exist without being locked or guarded, or some means employed to prohibit children and others from using implements which are dangerous. The cases are not similar. The court is unanimous in the opinion, from a careful examination of the testimony, that the verdict is not supported by sufficient evidence.

The authorities read bear upon the charge of the court and its refusal to charge the proposition that was asked to be charged by the defendant. The following proposition was asked to be charged, which was refused and exceptions taken:

"It was not the duty of the railroad company or its employes to be on the watch for boys in or about its cars, and the plaintiff cannot recover in this case unless he shows by a preponderance of the evidence that the company's servants actually saw him, and knew of his presence in a place of danger in time to have prevented the injury."

We think this covers the case. It was only upon that ground, as I have stated, that recovery could be had. This was putting it in a nutshell. We think it was error to refuse that request.

This was charged and excepted to:

"It was the duty of the employes of the railroad company in the management of their train, the switching of their cars, to use that same degree of ordinary care, to keep watch and look out for any persons who might be about the railroad track, that they should not wantonly or negligently run such persons down, or run over them."

There is no such case made here. There was not anybody run down; this boy, when he was injured, either fell off a flat car, or in climbing over the boards or sides of a coal car over-balanced and fell off the car, and the wheels passed over him or was caught between the bumbers; but he was not run down. There was nothing of that kind in the case to call for such a charge as is embraced in the proposition. This proposition was misleading to the jury; it was not the law. Part of it, as an abstract proposition of law, may be correct—but it was not the law of the case; what a court should charge is the law that is applicable to the facts to the case.

The court erred in refusing to give the charge that was asked, and erred in giving the proposition that was excepted to by the defendant.

Judge Day disagrees with a majority of the court on those two propositions.

The judgment of the court will be to reverse for error in overruling the motion for a new trial; because the verdict is against the evidence, and because of the refusal to charge as requested, as I have stated, and charging the proposition that was excepted to, which I have read.

Henry Newbegin and Alex. Smith, for plaintiff in error.

Enos & Johnson, for defendant in error.